ADELINE  H.  DOUGLAS, APPELLANT, *v.* GEORGE  W. DOUGLAS, RESPONDENT.

*Practice — exception to conclusion of law, when allowed to be filed nunc pro tunc — Code, §§ 174, 327.*

The court has power, under sections 174 and 327 of the Code, to allow exceptions to be filed *nunc pro tunc* to the final conclusion of the court in cases, where an appeal from the judgment has been duly taken, and the ground of such appeal is that the conclusion of law is not warranted by the findings.

APPEAL from an order made at Special Term, denying plaintiff's application for leave to file an exception *nunc pro tunc* to the con-

clusion of law, as found by the court on the trial, after appeal taken from the judgment.

*John L. Hill*, for the appellant. The relief sought was purely formal. It was for neglect to except to conclusion of law, and that, too, when the intention to appeal had been exhibited by prompt service of the notice. The moving papers showed that the omission was by a mistake in practice. This fact was not controverted. The omission had not in the slightest degree prejudiced the defendant. If he had intended to appeal or move for a new trial such relief could very readily have been secured as terms of relieving the plaintiff. Indeed, no objection would have been made. The case was one which called for an exercise of discretion in favor of the plaintiff. It is difficult to understand why a court of equity should insist upon a point so purely technical in such a case. The court had found every fact in this lady's favor, and the only question was, whether or not the law was powerless to redress a wrong which every enlightened conscience must pronounce an outrage. This General Term has power to review such an order. To hold otherwise would seem a denial of justice. The real question was only one of terms. The relief sought was a substantial right.

*E. C. Benedict*, for the respondent. If exceptions had been served within the ten days, but had not been filed and made part of the judgment roll, as per section 281 of the Code, then a motion for leave to file such exceptions *nunc pro tunc*, and to have the same made a part of the judgment roll, would be quite within the customary practice in respect of filing papers *nunc pro tunc*, but the taking of exceptions, or the serving of exceptions *nunc pro tunc*, by order of the court or otherwise, is a thing unheard of. The difficulty in this case is that there are in fact no exceptions to the judge's conclusions of law. No exception thereto was ever made or served, and there is, therefore, none to file; and the plaintiff cannot now provide herself with an exception which she never took, and to order the filing of an exception *nunc pro tunc* will be to make the record falsify the fact. It is well settled that the Code, section 174, does not authorize the extension of time to appeal. (*Waite* v. *Van Allen*, 22 N. Y., 319; *Humphrey* v

*Chamberlain*, 11 id., 274; 17 Abb. Pr., 86.) But to allow exceptions that never have in fact been taken, to be made and filed *nunc pro tunc* after the time limited by the Code has expired is, in effect, nothing but an extension of time to appeal. Section 268 provides, in respect of trials by the court, that "for the purposes of an appeal, either party may except to a decision on a matter of law arising upon such trial, within ten days after notice in writing of the judgment, in the same manner and with the same effect as upon a trial by jury. And either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law, may at any time within ten days after notice of the judgment, or within such times as may be prescribed by the rules of the court, make a case or exceptions in like manner as upon a trial by jury. But the question, whether of fact or of law, arising upon the trial, can only be reviewed in the manner prescribed by this section." Rule 41 of the Supreme Court rules prescribes ten days from notice of entry of judgment. The Court of Appeals has, in the case of *Hunt* v. *Bloomer* (13 N. Y., 343), passed upon the question of the time of taking exceptions. (See, also, *Enos* v. *Eigenbrodt*, 32 N. Y., 444; 12 How. Pr., 481; id., 567.) As to the power of the court to allow exceptions to be filed *nunc pro tunc*, see *Beach* v. *Raymond* (1 Hilt., 202); *Beach* v. *Gregory* (3 Abb. Pr., 78); S. C. (2 id., 204). In all the cases where exceptions have been allowed to be filed after the expiration of ten days, it would seem that exceptions had actually been taken, though not filed, or the motion was for leave to file case and exceptions, or to incorporate exceptions actually taken in the case. This is the case in *Sheldon* v. *Wood* (14 How. Pr., 18); *Bortle* v. *Mellen* (14 Abb. Pr., 228); *Strong* v. *Hardenburgh* (25 How. Pr., 433). It is urged that the serving and filing of exceptions is a mere matter of form, and the omission to file or serve a merely formal defect, which may be cured at any time. The same argument may be used in respect of filing and serving the notice of appeal, and yet nothing is better settled than that, if either of those formalities is omitted — if the notice is served on respondent, but not filed with the clerk, or *vice versa* — that is an omission which the court is powerless to cure. (See *Cotes* v. *Carroll*, 28 How. Pr., 436; *Morris* v. *Morange*, 26 id., 247; 17 Abb. Pr., 86.) It is true that

a notice of appeal, once properly filed and served, may be amended, but not in such a way as to change its substantial character, nor so as to enlarge its effect. (*Fry* v. *Bennet*, 16 How., 385 ; *Bryant* v. *Bryant*, 7 Robt., 49 ; 27 How., 378.)

*Per Curiam :*

We think this court has the power, under sections 174 and 327 of the Code, to allow exceptions to the final conclusions of the court to be filed *nunc pro tunc*, in cases where an appeal from the judgment has been duly taken, and is dependent upon such findings only; in other words, where the appeal is based on the judgment record alone, the ground taken by the appellant being that the judgment is not warranted by the findings.

The omission in this case to file the exceptions was the result of a misapprehension of the practice. We do not mean to declare by this decision that a judgment may not in such cases be reviewed on the record alone.

We think the order should be reversed, and the privilege asked allowed.

Ordered accordingly, without costs.

Present — Davis, P. J., Brady and Daniels, JJ.

Order reversed.